<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| ROBERT JACKSON BEY, III, | : : : | Civil Action No. 19-16349 (MAS) (DEA) |
| Plaintiff, | : : |  |
| v. | : : | **OPINION** |
| JUDGE QUSIM, | : : |  |
| Defendant. | : : |  |

<u>**SHIPP, District Judge**</u>

*Pro se* Plaintiff Robert Jackson Bey, III ("Plaintiff"), a pretrial detainee currently confined at Somerset County Jail, has filed a Complaint pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) The Court will now review the Complaint pursuant to 28 U.S.C. § 1915A(a), (b), to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will dismiss the Complaint without prejudice.

**I.     BACKGROUND**

Plaintiff brings this civil rights complaint against Judge Qusim of New Jersey Superior Court, Somerset County. (*See* Compl.) The Court infers from the Complaint that Defendant is currently presiding over a pending criminal proceeding against Plaintiff. (*See Id.*)

Plaintiff alleges that Defendant "knowingly and willingly denied [him] due process of law by fraud, [d]eceit and [f]orgery of counterfeit instruments." (*Id.* ¶ III.A.) Plaintiff further alleges that Judge Qusim concealed facts "by refus[ing] to rebut [his] Affidavit that was filed with the

Somerset Superior Court Clerk." (*Id.*) Plaintiff claims that he is "being denied the right to full and effective enjoyment of all human rights and fundamental freedoms recognized in the Charter of the United Nations. Every Single court [personnel] that is considered a separate foreign entity in Judge Qusim courtroom conspired to commit fraud." (*Id.* ¶ III.C.)

Plaintiff seeks the following relief: (1) immediate release from Somerset County Jail; (2) $350,000 or $1500 for each day he has been detained at Somerset County Jail; and (3) "jail for the wrongdoers that is [*sic*] clothed with Authority of the state that violated their Oath of Office and violated my Unalienable, Substantive Rights and Birthright recognized Laws of the Nations of the Earth. (Compl. ¶ V.) Plaintiff also claims that he has suffered irreparable injury because he was unable to attend his daughter's middle school graduation due to his detention. (*Id.* ¶ VI.)

## II.  STANDARD OF REVIEW

Under the Prison Litigation Reform Act ("PLRA"), district courts are required to review civil actions in which "a prisoner seeks redress from a governmental entity or officer of employee of a governmental entity." 28 U.S.C. § 1915A(a). When reviewing such actions, the PLRA instructs courts to dismiss cases that are at any times frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune. § 1915A(b)(1)–(2). "[T]he legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915A is identical to the legal standard employed in ruling on [Federal Rule of Civil Procedure Rule] 12(b)(6) motions." *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

Because Plaintiff seeks redress from a government official, the applicable provisions of the PLRA apply to the screening of his Complaint. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555.) In order to survive a dismissal for failure to state a claim, a complaint must allege "sufficient factual matter to show that the claim is facially plausible." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (internal quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). A Plaintiff must be able to demonstrate that "each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* at 676. Furthermore, while *pro se* pleadings are liberally construed, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III.   DISCUSSION

The Court construes the Complaint as asserting claims against Defendant pursuant to 42 U.S.C. § 1983 for violations of Plaintiff's First, Fourth, Fifth, Eighth, Ninth, and Tenth Amendment rights.[1]  Section 1983 provides, in relevant part: "Every person who, under color of

---

[1] In addition to Plaintiff's constitutional claims, the Complaint brings claims against Defendant based on federal criminal statutes, the Universal Declaration on Human Rights, and the Treaties of Peace and Friendship of 1787 and 1836. These claims will all be dismissed for failure to state a claim upon which relief may be granted. First, the criminal statutes relied upon by defendant, 18 U.S.C. §§ 1621, 241, 242, and 1027, do not create private causes of action. *See Carpenter v. Ashby*, 351 F. App'x 684, 688 (3d Cir. 2009) (holding that district court's dismissal of civil claims brought pursuant to § 241 and § 242 was correct because "[n]either statute creates a civil cause of action"); *Estate of Lutz v. Lutz*, No. 16-1461, 2017 WL 3390251, at *3 (E.D. Pa. Aug. 4, 2017) (holding that 18 U.S.C. § 1027 does not create a private cause of action); *Howard v. Paye*, 188 F. Supp. 3d 496, 499 (E.D. Pa. 2016) ("[Plaintiff] cannot state a claim under 18 U.S.C. § 1621 because that federal criminal statute does not give rise to civil liability."). Plaintiff's claims based on the Treaties of Friendship and violations of the Universal Declaration of Human Rights will similarly be dismissed as these documents do not create private causes of action and claims brought

any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of rights, privileges, or immunities secured by the Constitution and laws" shall be civilly liable to the injured party.

Judicial officers, however, are absolutely immune from such liability for judicial acts taken in their judicial capacity. *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." ); *see also Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). Indeed, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will only be subject to liability when he has acted in the clear absence of all jurisdiction." *Capogrosso v. Supreme Court of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko*, 443 F.3d at 303); *see also Mireles v. Waco*, 502 U.S. 9, 11–12 (1991) (noting that a judicial officer will be liable where his "actions, through judicial in nature, [were] taken in the complete absence of all jurisdiction"). Absolute judicial immunity applies to claims for both monetary and injunctive relief. *See* 42 U.S.C. § 1983; *Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006).

While the factual allegations in the Complaint are threadbare, it is plain from the Complaint that Plaintiff seeks redress for actions taken in Defendant's official capacity as a judicial officer. Indeed, the only factual allegation in the Complaint pertains to Defendant's apparent refusal to consider an affidavit filed by Plaintiff during court proceedings. (*See* Compl. ¶¶ III.A, III.B.)

---

pursuant to them are frivolous. *See United States v. Chatman*, 351 F. App'x 740, 741 (3d Cir. 2009) (holding that "the *Universal Declaration of Human Rights* is a non-binding declaration that provides no private right of action" (citing *Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004)); *Garcia v. Bucks Cty. Justice Ctr.*, No. 17-3381, 2017 WL 4126349, at *3 (E.D. Pa. Sept. 18, 2017) (dismissing as frivolous claims brought pursuant to the Treaty of Peace of Friendship because it "does not provide a basis for a civil cause of action").

Accordingly, the Complaint will be dismissed pursuant to the doctrine of absolute judicial immunity.[2]

### IV. CONCLUSION

For the foregoing reasons, the Complaint shall be dismissed without prejudice to the filing of a proposed amended complaint. An appropriate Order follows.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[2] Shortly after the filing of the Complaint, Plaintiff submitted to the Court correspondence in which he attaches the affidavit that Defendant allegedly refused to consider. (*See* Correspondence, Aug. 16, 2019, ECF No. 5.) In that correspondence, Plaintiff alleges that because he is a "Moorish American National," the New Jersey courts lack jurisdiction over him and any criminal charges must be brought against him in "an Article III court as per the rules governing the Treaty of Peace and Friendship of 1787 [and] the Treaty of Peace of Friendship of 1836." (*Id.* at 4–5.) To the extent Plaintiff seeks to rely on these allegations, he must raise them in an amended complaint, filed pursuant to Federal Rule of Civil Procedure 15, as the Court will not permit Plaintiff to supplement the Complaint in piecemeal fashion.